| | |
|---|---|
| 1 | Josephine E. Salmon (SBN 020630)<br>jsalmon@aldridgepite.com |
| 2 | Janet M. Spears (SBN 023833)<br>jspears@aldridgepite.com |
| 3 | **ALDRIDGE | PITE, LLP**<br>4375 Jutland Drive, Suite 200 |
| 4 | P.O. Box 17933<br>San Diego, CA 92177-0933 |
| 5 | Telephone: (858) 750-7600<br>Facsimile: (619) 590-1385 |
| 6 | |
| 7 | Attorneys for: Wells Fargo Bank, N.A. |

## UNITED STATES BANKRUPTCY COURT

## DISTRICT OF ARIZONA – TUCSON DIVISION

| | |
|---|---|
| In re | Case No. 4:15-bk-02229-SHG |
| DAVID B. KARMEL, | Chapter 11 |
| Debtor. | **STIPULATION RE TREATMENT OF CLAIM UNDER DEBTOR'S PROPOSED CHAPTER 11 PLAN OF REORGANIZATION**<br><br>**SUBJECT PROPERTY:**<br>8041 E Alvin Rd,<br>Tucson, Arizona 85750 |

This Stipulation is entered into by and between Wells Fargo Bank, N.A. ("Wells Fargo") by and through its attorneys of record, and Debtor, David B. Karmel ("Debtor"), by his attorney of record.

The property which is the subject of this matter is commonly known as 8041 E Alvin Rd, Tucson, Arizona 85750 ("Property"), which is more fully described in the Deed of Trust. (*See* Claim No. 6-1).

On May 3, 2005, Debtor executed a promissory note (the "First Note") in the principal sum of $485,000.00. The First Note is secured by a Deed of Trust (the "First Deed of Trust") granting an interest in the Property. The First Deed of Trust reflects that it was duly recorded in the Pima County Recorder's Office. (*See* Claim No. 8-1).

On March 4, 2015, Debtor commenced the instant bankruptcy case, by filing a voluntary petition under Chapter 13 of the Bankruptcy Code in the District of Arizona – Tucson Division, and was assigned bankruptcy case number 4:15-bk-02229-SHG (the "Bankruptcy Case"). (*See* Dkt. No. 1). On March 4, 2016, the court entered an Order Converting the Debtor's Bankruptcy Case to Chapter 11 under the Bankruptcy Code. (*See* Dkt No. 87).

On June 30, 2015, Wells Fargo filed its Proof of Claim for the First Note listing a secured claim of $396,066.72, including pre-petition arrears of $54,937.00. (*See* Claim No. 8-1).

On December 12, 2016, the Debtor filed his proposed First Amended Chapter 11 Plan of Reorganization ("Plan") and Amended Disclosure Statement. (*See* Dkt Nos. 175-176).

On December 27, 2016, Wells Fargo filed its Objection to Confirmation of the Plan ("Objection"). (*See* Docket No. 183).

As of February 28, 2017, the approximate amount owed under the First Note is $109,408.36.

**THE PARTIES STIPULATE AS FOLLOWS:**

1. Wells Fargo's claim shall remain fully secured ("Secured Claim") in the Debtor's Chapter 11 Plan, paid pursuant to the terms of Subject Loan documents except as modified below.

2. Debtor shall tender regular contractual payments of **$2,867.76** ("Contractual Payment") to Wells Fargo pursuant to the terms of the Subject Loan commencing **March 1, 2017** and continuing on the same day of each month thereafter until the outstanding balance owed on Wells Fargo's Secured Claim has been paid in full. This amount includes an escrow impound for taxes and insurance and is subject to change pursuant to the terms of the Subject Loan.

3. In addition to Contractual Payments, Debtor shall tender arrearage payments to Wells Fargo to cure the contractual arrears of $109,408.36 over seventy two (72) equal monthly installments ("Arrearage Payments"). Arrearage Payments of **$1,519.56** shall commence **March 1, 2017** and shall continue on the same day of each month thereafter until the contractual arrears have

been cured in full.

4. Except as otherwise expressly provided herein, all remaining terms of the Note and Deed of Trust shall govern the treatment of Wells Fargo's Secured Claim.

5. The automatic stay of 11 U.S.C. § 362 shall terminate upon Confirmation of the Plan. In the event Wells Fargo has yet to receive a payment due under the Plan within thirty (30) calendar days of the payment due date, the Debtor shall be in material default under the terms of the Plan ("<u>Material Default</u>"). In the event of a Material Default, the cure terms of paragraph three of this Stipulation shall be void, and Wells Fargo may proceed with default remedies under applicable state law, including foreclosure. In the event of a Material Default, the Debtor must cure the contractual amount due under the Note to reinstate the loan. Wells Fargo shall not be required to suspend any foreclosure action commenced under state law following a Material Default unless the contractual amount due under the Note is paid in full. The Debtor understands that his right to cure the arrears over 60 months shall terminate in the event of a Material Default.

6. The acceptance by Wells Fargo of a late or partial payment shall not act as a waiver of Wells Fargo's right to proceed hereunder.

7. The terms of this Stipulation are contingent upon the substantial consummation of the Debtor's confirmed Plan. The terms of this Stipulation shall be incorporated into any Amended Plan and/or the Order of Confirmation. In the event of any discrepancy between the terms of this Stipulation and the terms of the Debtor's Plan, the terms of this Stipulation shall control the treatment of Wells Fargo's claim.

8. In the event the Debtor's case is dismissed or converted to any other chapter under Title 11 of the United States Bankruptcy Code prior to completion of the Debtor's Chapter 11 Plan payments, receipt of a discharge, and entry of a final decree, the terms of this Stipulation shall be void and Wells Fargo shall retain its lien in the full amount due under the Note.

9. In the event the Debtor seeks to sell the Property prior to receipt of a discharge, the parties shall retain all rights under 11 U.S.C. §363.

10. Debtor understands that the Subject Loan may reflect a default while the Arrearage Payments are made. However, Wells Fargo shall not proceed with default remedies during the 60-

1. month Plan period provided that the payments are timely made. Wells Fargo shall not be required to release the loan from bankruptcy status until entry of a final decree and the close of the Debtor's Chapter 11 case. Wells Fargo shall not be required to send the Debtor monthly statements while the bankruptcy case remains open.

11. The above terms allow the Debtor to make Arrearage Payments to Wells Fargo during the Plan. Confirmation of the Plan shall not constitute a reinstatement of the Subject Loan as of the Effective Date of the Plan. In the event of a Material Default, Wells Fargo shall proceed with default remedies as described in paragraph five (5) of this Stipulation. In the event Wells Fargo has previously recorded a Notice of Default or Notice of Sale pursuant to applicable state law based on a prior default under the Subject Loan, these documents shall remain in full force and effect in the event the Debtor defaults.

12. In the event the Debtor asserts that Wells Fargo has failed to properly update its internal system to comply with the terms of this Stipulation within a reasonable period of time after an order is entered confirming the Debtor's Chapter 11 Plan of Reorganization, which shall be no less than ninety (90) days, the Debtor shall be required to provide written notice of the alleged lack of compliance to Wells Fargo and Wells Fargo's counsel of record, Aldridge Pite, LLP at 4375 Jutland Drive, Suite 200, San Diego, CA 92117, indicating the nature of the alleged lack of compliance. If Wells Fargo fails to either remedy the alleged lack of compliance and/or provide an explanation refuting the Debtor's allegation after the passage of ninety (90) days from the date Wells Fargo receives said written notice (the "Meet and Confer Period") the Debtor may proceed with filing the appropriate motion in bankruptcy court seeking Wells Fargo's compliance.

/./././
/./././
/./././
/./././
/./././
/./././
/./././

/./././

/./././

/./././

13. Wells Fargo shall cast a ballot accepting the Debtor's proposed Chapter 11 Plan of Reorganization if such Plan and/or Order of Confirmation incorporates fully the terms of this Stipulation and the Debtor is in compliance with the terms of the Stipulation as of the ballot deadline. Wells Fargo hereby withdraws its Objection to Confirmation of the Plan.

**IT IS SO STIPULATED:**

Dated: /s/ C.R. Hyde (with permission)
**CHARLES R. HYDE**
Attorney for Debtor

**ALDRIDGE | PITE, LLP**

Dated: February 9, 2017 /s/ Janet M. Spears
JANET M. SPEARS

Attorneys for Wells Fargo