Josephine E. Salmon (SBN 020630)
jsalmon@aldridgepite.com
Janet M. Spears (SBN 023833)
jspears@aldridgepite.com
**ALDRIDGE | PITE, LLP**
4375 Jutland Drive, Suite 200
P.O. Box 17933
San Diego, CA 92177-0933
Telephone: (858) 750-7600
Facsimile: (619) 590-1385

Attorneys for: Wells Fargo Bank, N.A.

# UNITED STATES BANKRUPTCY COURT

## DISTRICT OF ARIZONA – TUCSON DIVISION

| | |
|---|---|
| In re<br><br>DAVID B. KARMEL,<br><br>Debtor. | Case No. 4:15-bk-02229-SHG<br><br>Chapter 11<br><br>**STIPULATION RE TREATMENT OF CLAIM UNDER DEBTOR'S PROPOSED CHAPTER 11 PLAN OF REORGANIZATION**<br><br>**S<u>UBJECT</u> P<u>ROPERTY</u>:**<br>8041 E Alvin Rd,<br>Tucson, Arizona 85750 |

This Stipulation is entered into by and between Wells Fargo Bank, N.A. ("<u>Wells Fargo</u>") by and through its attorneys of record, and Debtor, David B. Karmel ("<u>Debtor</u>"), by his attorney of record.

The property which is the subject of this matter is commonly known as 8041 E Alvin Rd, Tucson, Arizona 85750 ("<u>Property</u>"), which is more fully described in the Second Deed of Trust. (*See* Claim No. 3-1).

On October 26, 2006, Debtor executed a promissory note (the "Second Note") in the principal sum of $84,792.00. The Second Note is secured by a Deed of Trust ("Second Deed of Trust") granting an interest in the Property. The Second Deed of Trust reflects that it was duly recorded in the Pima County Recorder's Office. (*See* Claim No. 3-1).

On March 4, 2015, Debtor commenced the instant bankruptcy case, by filing a voluntary petition under Chapter 13 of the Bankruptcy Code in the District of Arizona – Tucson Division, and was assigned bankruptcy case number 4:15-bk-02229-SHG (the "Bankruptcy Case"). (*See* Dkt. No. 1). On March 4, 2016, the court entered an Order Converting the Debtor's Bankruptcy Case to Chapter 11 under the Bankruptcy Code. (*See* Dkt No. 87).

On April 24, 2015, Wells Fargo filed its Proof of Claim for the Second Note listing a secured claim of $84,808.44, including pre-petition arrears of $5,877.32. (*See* Claim No. 3-1).

On December 12, 2016, the Debtor filed his proposed First Amended Chapter 11 Plan of Reorganization ("Plan") and Amended Disclosure Statement. (*See* Dkt Nos. 175-176).

On December 27, 2016, Wells Fargo filed its Objection to Confirmation of the Plan ("Objection"). (*See* Docket No. 183).

**THE PARTIES STIPULATE AS FOLLOWS:**

1. Wells Fargo shall have a general unsecured claim equal to the amount due under the Note, plus Wells Fargo's attorneys' fees and costs in the Debtor's Plan ("Unsecured Claim"). Wells Fargo shall be entitled to its pro rata share of the dividend issued to general unsecured creditors in the Debtor's Plan. Wells Fargo's lien related to its Unsecured Claim shall only be avoided upon completion of the Debtor's Chapter 11 Plan payments, receipt of a discharge, and the entry of a final decree. In the event Debtor proceeds with a post-confirmation sale or refinance of the Property prior to discharge, Wells Fargo may seek recovery of the full amount due under the Note. Wells Fargo shall not be required to release its lien until the Debtor has received a discharge.

2. Except as otherwise expressly provided herein, all remaining terms of the Note and Deed of Trust shall govern the treatment of Wells Fargo's Claim.

3. The terms of this Stipulation are contingent upon the substantial consummation of the Debtor's confirmed Plan. The terms of this Stipulation shall be incorporated into any Amended Plan

and/or the Order of Confirmation. In the event of any discrepancy between the terms of this Stipulation and the terms of the Debtor's Plan, the terms of this Stipulation shall control the treatment of Wells Fargo's Claim.

4. In the event the Debtor's case is dismissed or converted to any other chapter under Title 11 of the United States Bankruptcy Code prior to completion of the Debtor's Chapter 11 Plan payments, receipt of a discharge, and entry of a final decree, the terms of this Stipulation shall be void and Wells Fargo shall retain its lien in the full amount due under the Note.

5. In the event the Debtor seeks to sell the Property prior to receipt of a discharge, the parties shall retain all rights under 11 U.S.C. §363.

6. Wells Fargo shall not be required to release the loan from bankruptcy status and/or resume regular monthly statements until entry of a final decree and the close of the Debtor's Chapter 11 case.

7. In the event the Debtor asserts that Wells Fargo has failed to properly update its internal system to comply with the terms of this Stipulation within a reasonable period of time after an order is entered confirming the Debtor's Chapter 11 Plan of Reorganization, which shall be no less than ninety (90) days, the Debtor shall be required to provide written notice of the alleged lack of compliance to Wells Fargo and Wells Fargo's counsel of record, Aldridge Pite, LLP at 4375 Jutland Drive, Suite 200, San Diego, CA 92117, indicating the nature of the alleged lack of compliance. If Wells Fargo fails to either remedy the alleged lack of compliance and/or provide an explanation refuting the Debtor's allegation after the passage of ninety (90) days from the date Wells Fargo receives said written notice (the "Meet and Confer Period") the Debtor may proceed with filing the appropriate motion in bankruptcy court seeking Wells Fargo's compliance.

/././

/././

/././

/././

/././

/././

8. Wells Fargo shall cast a ballot accepting the Debtor's proposed Chapter 11 Plan of Reorganization if such Plan and/or Order of Confirmation incorporates fully the terms of this Stipulation and the Debtor is in compliance with the terms of the Stipulation as of the ballot deadline. Wells Fargo hereby withdraws its Objection to Confirmation of the Plan.

**IT IS SO STIPULATED:**

Dated: /s/ C.R. Hyde (with permission)
**CHARLES R. HYDE**
Attorney for Debtor

**ALDRIDGE | PITE, LLP**

Dated: February 9, 2017 /s/
JANET M. SPEARS

Attorneys for Wells Fargo