**THE LAW OFFICES OF C.R. HYDE, PLC**
325 W. FRANKLIN ST., SUITE 103
TUCSON, ARIZONA 85701
TELEPHONE: (520) 270-1110
SBA # 22512
Attorney for Debtor

IN THE UNITED STATES BANKRUPTCY COURT

DISTRICT OF ARIZONA

| In re: | In proceedings under Chapter 11 |
|---|---|
| DAVID B. KARMEL, | Case No. 4:15-bk-02229-SHG |
| Debtor. | MOTION TO CLOSE CASE AND FOR ENTRY OF FINAL DECREE |

Pursuant to 11 U.S.C. § 350 and Fed. R. Bankr. P. 3022, David Karmel, the reorganized debtor ("Debtor") in the above captioned Chapter 11 reorganization proceeding (the"Reorganization Case"), by and through its attorney undersigned, respectfully requests that the Court enter its final decree closing the Reorganization Case. Debtor shall file all operating reports and pay all fees due the U.S. Trustee before entry of the Final Decree.

The Bankruptcy Code and Federal Rules of Bankruptcy Procedure direct a court to close a Chapter 11 case once the debtor's estate is "fully administered." 11 U.S.C. § 350(a); Fed. R. Bankr. P. 3022. However, neither the Bankruptcy Code nor the Federal Rules of Bankruptcy Procedure define the term "fully administered." *In re Ground Systems, Inc.*, 213 B.R. 1016, 1018 (9th Cir. BAP 1997). In *Ground Systems*, the BAP set forth the factors that the Court should consider in determining whether the estate has been fully administered:

> (1) whether the order confirming the plan has become final; (2) whether deposits required by the plan have been distributed; (3) whether the property proposed by the plan to be transferred has been transferred; (4) whether the debtor or the successor of the debtor under the plan has assumed the business or the management of the property dealt with by the plan; (5) whether payments under the plan have commenced; and (6) whether all motions, contested matters, and adversary proceedings have been finally resolved.
> *In re Ground Systems, Inc.*, 213 B.R. at 1019.

In this case, four of the six factors have been met, and factor numbers (2) and (3) are not applicable. On March 6, 2017, the Court entered the Order Confirming Plan ("Confirmation

Order") [Docket Entry 236], confirming Debtor's Plan.  The Confirmation Order is a final order.

Pursuant to the Confirmation Order in this case, the Debtor has now commenced making payments to all classes of creditors under the Plan including the unsecured creditor class.  No adversary proceedings are currently open in this matter.

A final decree closing the case after the estate is fully administered does not deprive the court of jurisdiction to enforce or interpret its own orders and does not prevent the court from reopening the case for cause pursuant to § 350(b) of the Code.  Nothing about entry of the final decree alters the court's reserved jurisdiction under the Plan and the Confirmation Order.

Pursuant to the Order Confirming Plan, this Court shall retain jurisdiction over this case for purposes of:

(1) The correction of any defect, the curing of any omission, or the reconciliation of any inconsistency in the Plan or the Order of Confirmation as may be necessary to carry out the purposes and intent of the Plan.

(2) To enforce and interpret the terms and conditions of the Plan.

(3) Entry of any order, including injunctions, necessary to enforce the title, rights and powers of Debtor and to impose such limitations and terms of such title, rights and powers as the Court may deem necessary.

(4) Determination of all questions and disputes concerning the sale, lease, or other transfer of property of the Debtor.

(5) Entry of an Order Discharging the Debtor at the conclusion of the Plan.

// // //

// // //

// // //

Based on the foregoing, the Debtor respectfully requests that the Court enter its Final Decree closing the Reorganization Case. The Debtor further represents that he will file all quarterly reports that may be due, and pay the fees due the U.S. Trustee's Office prior to entry of the Order.

RESPECTFULLY SUBMITTED this 3rd day of April 2017.

The Law Offices of C.R. Hyde, PLC

 /s/ C.R. Hyde
Charles R. Hyde, Attorney for Debtor

3